**WO**                                                                                                    SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Lee Francois, | No. CV 11-0717-PHX-GMS (MHB) |
| Petitioner, | **ORDER** |
| vs. | |
| Sheriff Joseph M. Arpaio, et al., | |
| Respondents. | |

Petitioner Kevin Lee Francois, who is confined in the Fourth Avenue Jail in Phoenix, Arizona, has filed a *pro se* "Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody" and paid the $5.00 filing fee. The Court will dismiss the Petition and this action.

**I.    Petition**

Petitioner alleges the following in his Petition: On January 5, 2010, Petitioner was arrested by the Newport Beach Police Department (NBPD), in Newport Beach, California. As part of its booking procedure, Petitioner's DNA was obtained and matched to outstanding Arizona cases. Petitioner was held by the NBPD for nine months before charges in California were dismissed and he was apparently extradited to the custody of the Maricopa County Sheriff's Office on charges pending in Maricopa County Superior Court, case# CR2010-006046 and CR2010-006261.[1]

---

[1] See http://www.courtminutes.maricopa.gov/docs/Criminal/042011/m4698145.pdf.

Petitioner alleges three grounds for relief in his Petition. In Ground One, Petitioner alleges that NBPD officers violated his Fourth Amendment rights by manufacturing and falsifying the police report of his arrest. In Ground Two, Petitioner alleges that a NBPD officer violated his Sixth Amendment rights by obstructing and coercing a witness to falsely testify against Petitioner at his California preliminary hearing. In Ground Three, Petitioner alleges that but for his wrongful arrest by the NBPD, his DNA would not have been obtained as part of its booking procedure and matched to outstanding Arizona cases. He contends that evidence should be suppressed. Petitioner names Maricopa County Sheriff Joseph Arpaio as a Respondent and the Arizona Attorney General as an additional Respondent.

## II.     Challenges to Pretrial Detention

Petitioner ostensibly seeks relief pursuant to 28 U.S.C. § 2254. Federal habeas relief pursuant to 28 U.S.C. § 2254 is the "exclusive vehicle" for a state prisoner to seek relief from a state conviction or sentence in federal court. See White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004). Such relief for a state conviction is available "only on the ground that [an inmate] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). However, Petitioner is currently held as a pretrial detainee. Thus, he challenges pretrial incarceration.

Challenges to pretrial incarceration may be brought pursuant to 28 U.S.C. § 2241(c)(3). Section 2241(c)(3) provides that "the writ of habeas corpus [extends to persons who are] ... in custody in violation of the Constitution or laws or treaties of the United States ...." See McNeeley v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003); Carden v. State of Montana, 626 F.2d 82, 83 (9th Cir. 1980) ("district court had jurisdiction, under 28 U.S.C. § 2241, to issue [a] pretrial writ of habeas corpus"). However, the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interceding in ongoing state criminal proceedings. The Younger abstention doctrine also applies while a case works its way through the state appellate process, if a prisoner is convicted. New Orleans Pub. Serv., Inc. v. Council of City of New

1  Orleans, 491 U.S. 350, 369 (1989).  Only in limited, extraordinary circumstances will the
2  Younger doctrine not bar federal interference with ongoing (non-final) state criminal
3  proceedings. Such circumstances include when a prisoner alleges that he is being subjected
4  to double jeopardy. See Mannes v. Gillespie, 967 F.2d 1310, 1312 (9th Cir. 1992). Speedy
5  trial claims may also be reviewed *if* a detainee is seeking to compel the state to bring him to
6  trial, rather than seeking dismissal of the charges, and the detainee has exhausted all of his
7  state court remedies.  Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484,
8  489-90 (1973); see In re Justices of Superior Court Dep't of Mass. Trial Court, 218 F.3d 11,
9  18 & n.5 (1st Cir. 2000).

10  Petitioner seeks to challenge his allegedly wrongful arrest in California and to
11  suppress his DNA sample. Even if Petitioner had sought relief pursuant to § 2241, Petitioner
12  has not alleged any ground that falls within the very limited circumstances in which a federal
13  court may intercede in ongoing state criminal proceedings under the Younger doctrine.  He
14  does not assert a violation of the Fifth Amendment's Double Jeopardy Clause, or facts to
15  support such violation, or that his speedy trial rights have been violated for which he seeks
16  to compel the state to bring him to trial.  Rather, Petitioner appears to seek to have his DNA
17  sample suppressed.  As discussed above, that is not a basis for a federal court to interfere in
18  state criminal proceedings. Because none of Petitioner's grounds fall within the very limited
19  circumstances in which a federal court may intercede in ongoing state criminal proceedings
20  under the Younger doctrine, the Petition and this action will be dismissed pursuant to the
21  Younger abstention doctrine.

22  **IT IS ORDERED:**

23  (1)  The Petition and this action are dismissed without prejudice. (Doc. 1.)

24  (2)  The Clerk of Court must enter judgment accordingly.

25  (3)  Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event
26  Petitioner files an appeal, the Court declines to issue a certificate of appealability because
27  reasonable jurists would not find the Court's procedural ruling debatable.  See Slack v.

McDaniel, 529 U.S. 473, 484 (2000).

DATED this 16th day of May, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge

- 4 -